**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

17-275

STATE IN THE INTEREST OF

S.K.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
LAFAYETTE CITY COURT
PARISH OF LAFAYETTE, NO. JC201600182
HONORABLE DOUGLAS J. SALOOM, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**APPEAL DISMISSED. THE JUVENILE-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.**

Keith A. Stutes
District Attorney - 15th Judicial District
Tracey Davenport-McGraw, ADA
P. O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
    State of Louisiana

**Daniel Ginnetty**
**Attorney, 15th Judicial PDO**
**P. O. Box 3622**
**Lafayette, LA 70502**
**(337) 232-9345**
**COUNSEL FOR APPELLANT:**
    **S.K.**

**Saunders, Judge.**

On January 12, 2017, the Juvenile-Appellant, S.K., was adjudicated delinquent for theft of a thing valued at $44.17, a violation of La.R.S. 14:67.[1] On February 15, 2017, the Juvenile-Appellant's attorney filed a "MOTION FOR ART. 896 DEFERRED DISPOSTION AGREEMENT" and a "MOTION FOR POST-VERDICT JUDGMENT OF ACQUITTAL" with the juvenile court. The Juvenile-Appellant's attorney requested in the motion for a deferred disposition that the Juvenile be placed on unsupervised probation, to complete twenty hours of community service, and to write a five-page report. The Juvenile-Appellant's attorney asserted in the motion for post-verdict judgment of acquittal that because the State failed to prove every element of its case beyond a reasonable doubt, the Juvenile court should set aside the adjudication and enter a judgment of acquittal. An evidentiary hearing was held on the motions on February 16, 2017, at which the juvenile court denied the "MOTION FOR POST-VERDICT JUDGMENT OF ACQUITTAL" and granted the "MOTION FOR ART. 896 DEFERRED DISPOSTION AGREEMENT." As a result, the Juvenile was placed on unsupervised probation for a term of six months, along with the following general and special conditions:

1) Shall refrain from criminal conduct and exhibit good behavior and obey her parents/guardian, including obedience to a curfew which is to be set from 4:30 PM to 7:30 AM;

2) Shall continue to attend school regularly and to maintain good grades and to obey her teachers and school officials. Shall complete (1) hour school work every night and furnish a copy of her report card to the Court. If she is not currently registered for school, shall obtain a GED within one year;

3) Shall perform (20) hours of free, charitable community service work within (90) days;

---

[1]Initials are being used pursuant to Uniform Rules—Courts of Appeal, Rule 5-2.

4)    Shall not carry a weapon on her person or in her vehicle and shall not associate with others involved in this incident or with any other known delinquents;

5)    Shall not drink alcohol or frequent bars; use or take any drugs (unless prescribed to her); be around drugs or known drug users; shall submit to and pay for random drug screens;

6)    Must enroll in and complete cognitive behavioral therapy or counseling.

IT WAS FURTHER ORDERED that the sentence in the above captioned matter be STAYED pending an appeal in the Third Circuit Court of Appeal. A status hearing was set for May 4, 2017.

On February 16, 2017, the Juvenile-Appellant's attorney filed a "MOTION FOR APPEAL and DESIGNATION OF RECORD" with the juvenile court. On the same date, the juvenile court granted the notice with a return date of April 6, 2017.

On March 21, 2017, this court lodged the appeal record. On March 30, 2017, this court issued a rule to show cause why the appeal should not be dismissed, as the judgment at issue is not an appealable judgment. *See* La. Code Crim.P. art. 912(A) and (C)(1).

On April 20, 2017, the Juvenile-Appellant's attorney filed a brief in support of appellate jurisdiction, asserting that "an Article 896 Deferred Dispositional Agreement (DDA) order constitutes a judgment of disposition and should be considered a final judgment of the juvenile court, appealable under Children's Code Article 330." The Juvenile-Appellant's attorney also asserts, "In the alternative, S.K. moves this Honorable Court for leave to file application for supervisory writs within a reasonable time, so that she can allege error by the juvenile court in denying her motion for post-verdict judgment of acquittal."

2

Louisiana Children's Code Article 330(B) provides, in pertinent part, "In delinquency proceedings . . . an appeal may be taken only after a judgment of disposition." The juvenile court deferred disposition in the present case pursuant to La.Ch.Code art. 896. Since disposition has been deferred, no disposition has been imposed. Consequently, we hereby dismiss the Juvenile-Appellant's appeal. The Juvenile-Appellant is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than fifteen days from the date of this decision. The Juvenile-Appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 5-3(d), as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. THE JUVENILE-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.**